Argued May 25, decided June 8, rehearing denied July 20, 1909.

FLANAGAN v. JONES.

[102 Pac. 801.]

APPEAL AND ERROR—BRIEFS—EXCUSE FOR FAILURE TO FILE.
Engagements in causes in other courts afford no excuse for failure to file briefs within the time prescribed by the rules of court.

From Josephine: HIERO K. HANNA, Judge.

This is a suit by W. H. Flanagan against Ed. Jones. From a decree in favor of plaintiff, defendant appeals. Respondent files in this court a motion to dismiss the appeal.

Motion allowed.   ·                              DISMISSED.

*Mr. George W. Colvig,* for the motion.

*Mr. George H. Durham, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal. A decree in this suit was rendered against the defendant, to reverse

which he perfected an appeal, and filed in this court an abstract and a transcript. As the cause was in equity and to be tried anew, the plaintiff, though the respondent, complying with rule 6 of this court (50 Or. 572: 91 Pac. VIII), filed Mar. 29, 1909, the first brief, and sent copies thereof by registered mail to the defendant's counsel at his office at Crescent City, California. The copies, however, not having been called for, were returned to the person sending them. The defendant was required to file his brief on or before April 18, 1909, but not having done so, the plaintiff's counsel, on May 14th, interposed this motion. The defendant's counsel, resisting the application, filed an affidavit, in which he states that in the latter part of March, 1909, in order to try some causes, he was obliged to go to Oakland and San Francisco, where he was detained longer than he expected, and did not return to his office until the 15th of the following May; that he wrote to our clerk inquiring about the status of the case at bar, and in reply thereto received a letter which stated that the appellant's brief herein was filed March 29, 1909; that from the information so received he believed that a local attorney, who had procured the transcript on appeal herein, had also prepared and filed the brief referred to, and that he was not advised to the contrary until the defendant notified him on May 21st that no brief on the part of the appellant had been filed. In his letter the clerk inadvertently used the words "appellant's brief" for the phrase "respondent's brief," and had his letter been received prior to April 18, 1909, the defendant's counsel, by relying upon the erroneous statement therein, might have neglected to file a brief for his client, believing that a local attorney had performed that service; but the original letter referred to in the affidavit is dated April 30, 1909, and acknowledges the receipt of a letter written by the defendant's counsel three days prior thereto, but nine days after he was in default. An attorney's business engagements in making preparation for,

or in the trial of, causes in other courts afford no excuse for a failure strictly to comply with the rules of this court. Prior to default, however, such a modification of the rules as will subserve the interests of the attorney applying therefor will ordinarily be granted, provided such alteration does not interfere with the orderly dispatch of business in this court, or seriously inconvenience adverse parties: Rule 11 of the Supreme Court (50 Or. 578: 91 Pac. X). No reasonable excuse has been given by defendant's counsel for the delay, nor any showing made that his brief has been prepared. The appeal should be dismissed; and it is so ordered.              DISMISSED.

Argued May 3, decided May 25, rehearing denied July 20, 1909.